```
          IN THE UNITED STATED DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

DANIEL WECKER                         *

          Plaintiff,     *

          vs.            *   CIVIL ACTION NO. MJG-14-377

THE HOME DEPOT U.S.A., INC.           *

          Defendant      *

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

<u>MEMORANDUM AND ORDER RE: REMAND</u>

The Court has before it Plaintiff's Motion to Remand [Document 17] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

I. <u>BACKGROUND</u>

On August 13, 2013, Plaintiff filed a three-Count Complaint in the Circuit Court for Baltimore County, Maryland asserting claims against Defendant Home Depot U.S.A. ("Home Depot"), a Georgia corporation, and its local Baltimore store manager, a Maryland resident. On September 23, 2013, Home Depot filed its Answer to Count I. That same day, Home Depot, together with the manager, filed a Motion to Dismiss. On January 10, 2014, the state court granted the Motion to Dismiss in part, dismissing Counts II and III as to both defendants and Count I as to the manager, leaving pending only a negligence claim against Home

Depot. [Document 12]. On February 7, 2014, Home Depot filed its Notice of Removal. [Document 1]. On February 19, 2014, Plaintiff filed the instant motion seeking remand.

II. LEGAL FRAMEWORK

The removal statute, 28 U.S.C. § 1441(a), provides that:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The diversity statute provides, in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States . . . .

28 U.S.C. § 1332(a)(1).

"The notice of removal . . . shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based" if the case is subject to removal based upon the initial pleading. See 28 U.S.C. § 1446(b)(1), (3).

III. DISCUSSION

The instant motion presents the question whether the case was subject to removal based upon the initial pleading. If so, the removal was untimely. On the other hand, if the case became subject to removal only after the state court dismissed the claims against the manager, the removal was timely.

Since the Complaint presents claims against the manager, a Maryland citizen, there is no diversity of citizenship unless there was a "fraudulent joinder" of the manager, which would make the case subject to removal based upon the initial pleading – the Complaint. [Document 2].

Fraudulent joinder exists when "'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court,'" or when "'there has been outright fraud in plaintiff's pleading of jurisdictional facts.'" See Mayes v. Rapoport, 198 F.3d 457, 464 (4th Cir. 1999) (alteration in original) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). Joinder of a nondiverse defendant is fraudulent if "'the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor.'" Id. (quoting Poulos v. Naas Foods, Inc., 959 F.2d 69, 73 (7th Cir. 1992)).

As pointed out in Poulos v. Naas Foods, Inc., 959 F.2d 69, 73 (7th Cir. 1992), when deciding whether there has been fraudulent joinder, "the federal court must engage in an act of prediction: is there any reasonable possibility that a state court would rule against the non-diverse defendant?  If a state court has come to judgment, is there any reasonable possibility that the judgment will be reversed on appeal?"  If there is such a possibility, then there is no fraudulent joinder and the Plaintiff would be entitled to have a state court, not a federal court, make the ultimate decision.

In the initial pleading, the sole allegation upon which Plaintiff's claim against the manger was based is:

> [The manager] did not post any warnings concerning the ladder's potential to tilt while being used as intended and did not direct any other employee to post any such warnings or even advise for any patron to consult with any employee before using the ladder.

Compl. ¶ 7.

Home Depot could have, and should have, removed the case on the basis that there was fraudulent joinder of the manager. There is no possibility that these allegations are factually or legally sufficient to state a claim against the manager.

Home Depot contends that the case became removable only after the state court dismissed the claims against the manager. However, there had been no change in the claims being asserted,

4

and the dismissal was based upon the initial pleading without consideration of any external matters.  The merits of the claims against the manager did not erode between the initial pleading and the state court's ruling.  If the claims were totally baseless when stated in the Complaint, removable was required at that point.  If the claims were not totally baseless when stated – that is if there existed any reasonable possibility that the state court's dismissal would be reversed on appeal - there would not be fraudulent joinder.

The bottom line is that because the fraudulent joinder of the manager is discernable on the face of the Complaint, Home Depot did not file timely its Notice of Removal.+[1]


IV.  CONCLUSION

Accordingly:

1.  Plaintiff's Motion to Remand [Document 17] is GRANTED.

2.  The case shall be remanded pursuant to the Order of remand issued herewith.


SO ORDERED, on Friday, April 04, 2014.


/s/
Marvin J. Garbis
United States District Judge

---

[1] In light of its fraudulent joinder determination, the Court does not reach Plaintiff's arguments based upon Home Depot's actions in the state court.